UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOHAMMAD ALI DASHTI,

    Petitioner,

   -v-        3:24-CV-903

BRITTANY ELIZABETH LONG,

    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:       OF COUNSEL:

MILES, STOCKBRIDGE P.C.   KELLY A. POWERS, ESQ.
Attorneys for Petitioner    STEPHEN J. CULLEN, ESQ.
1201 Pennsylvania Ave. N.W.
Suite 900
Washington D.C., 20004

DUANE MORRIS LLP     MARK A. BRADFORD, ESQ.
Attorneys for Respondent    TIFFANY E. ALBERTY, ESQ.
190 S. LaSalle St., Suite 3700
Chicago, IL 60603

DAVID N. HURD
United States District Judge

## ORDER DISMISSING VERIFIED PETITION FOR THE IMMEDIATE RETURN OF THE MINOR CHILD TO GREECE

## I. INTRODUCTION

 On July 20, 2024, petitioner Mohammad Ali Dashti ("Dashti" or "petitioner") filed a verified petition seeking the return of his minor child,

ATD, to Greece. Dkt. No. 1. According to Dashti, ATD's mother, respondent Brittany Elizabeth Long ("Long" or "respondent"), wrongfully removed ATD from his habitual residence in Greece in early January of this year. *Id.*

Dashti filed his verified petition with this Court in accordance with The Hague Convention of October 25, 1980 on the Civil Aspects of International Child Abduction (the "Hague Convention" or, the "Convention") and the International Child Abduction Remedies Act ("ICARA"). Dkt. No. 1. Petitioner is seeking immediate relief. *Id.* Dashti is seeking, *inter alia*, a Return Order directing the prompt return of ATD to Greece. *Id.*

On September 6, 2024, Long moved pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and (6) to dismiss Dashti's verified petition for lack of subject matter jurisdiction and for failure to state a claim. Dkt. No. 12. That motion has been fully briefed and will be considered on the basis of the submissions and without oral argument.[1] Dkt. Nos. 12, 15, 17.

## II. BACKGROUND

Dashti and Long began a relationship in 2018. Pet. ¶ 11. The couple lived together in Athens, Greece. *Id.* ¶ 13. Long became pregnant with ATD in the spring of 2018. *Id.* ¶ 12. Petitioner and respondent became engaged in

---

[1] The Court conducted *in camera* review of the parties' various exhibits on October 9, 2024.

November of 2018. *Id.* ¶ 14. The couple never married. ATD was born in 2019. *Id.* ¶ 15. ATD is an American citizen. *Id.* ¶ 4.

Long and ATD traveled to Florida in March 2020 and were unable to return to Greece until December. Pet. ¶¶ 16–17. Following a family vacation around Europe in December 2022, respondent returned to the United States with ATD. *Id.* ¶21–22. Respondent returned to Athens, Greece with ATD in December 2023.

On January 9, 2024, Long called a friend to notify them that she and ATD were being held in Greece by Dashti against their will. Pet. ¶¶ 27–29. The police were called to couple's apartment and petitioner was arrested. *Id.* He was released on January 13, 2024. *Id.* ¶ 31. When petitioner returned home, he discovered that Long and ATD had left. *Id.* ¶ 32. Respondent and ATD live together and reside in the Northern District of New York. *Id.* ¶ 37.

## III. LEGAL STANDARD

The Hague Convention is "a multilateral treaty[ ] [that] governs the wrongful removal and retention of children from their country of habitual residence." *Marks ex rel. SM v. Hochhauser*, 876 F.3d 416, 418 (2d Cir. 2017). The Convention "generally requires courts in the United States to order children returned to their countries of habitual residence, if the courts find that the children have been wrongfully removed to or retained in the United States." *Chafin v. Chafin*, 568 U.S. 165, 168 (2013).

To implement the Convention in the United States, Congress enacted ICARA. ICARA confers jurisdiction upon federal and state courts to decide cases arising under the Convention in accordance with the terms of the Convention. 22 U.S.C. §§ 9003(a),(d). To seek repatriation, a petitioner must commence a civil action by filing a verified petition for the return of the child in either federal or state court. § 9003(b).

In order be entitled to relief under ICARA, the petitioner must prove that the minor child was wrongfully removed in accordance with the terms of the Hague Convention. Article 3 of the Convention provides in relevant part that:

> The removal or the retention of a child is to be considered wrongful where –
>
> a)  it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and
>
> b)  at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

Convention Art. 3.

Thus, petitioners must prove that: "(1) the child was habitually resident in one State and has been removed to or retained in a different State; (2) the removal or retention was in breach of the petitioner's custody rights under

the law of the State of habitual residence; and (3) the petitioner was exercising those rights at the time of the removal or retention." *Tereshchenko v. Karimi*, 102 F.4th 111, 127 (2d Cir. 2024) (quoting *Gitter v. Gitter*, 396 F.3d 124, 130–31 (2d Cir. 2005)). The petitioner must prove his *prima facie* case by a preponderance of the evidence. § 9003(e)(1)(A).

### A. Subject Matter Jurisdiction

As an initial matter, Long argues that this Court lacks jurisdiction to hear Dashti's petition because he lacks standing under the Hague Convention.[2] Resp.'s Mem. at 10–13. As respondent explains, Dashti is actually an Iranian citizen living in Greece as a refugee. Resp.'s Mem. at 13. Respondent argues that petitioner lacks standing to bring his petition because he is not a citizen of a country whose accession to the Convention the United States has recognized. *Id.* Dashti responds that his citizenship is irrelevant to the disposition of his petition. Pet.'s Opp'n at 10.

The Court agrees with Dashti. In support of her argument, Long cites several cases from within the Second Circuit and beyond that have dismissed ICARA petitions for lack of jurisdiction. However, in each of these cases it was the status of the country from which the child was removed from, or retained in, that required dismissal—not the citizenship of the petitioner.

---

[2] Long also argues that the Court lacks jurisdiction over Dashti's petition because he has failed to state a valid claim under ICARA. Resp.'s Mem. at 10–13. However, this argument goes to the merits of petitioner's claim, not jurisdiction.

*See Marks*, 876 F.3d at 422–24 ( affirming district court's dismissal of petition for lack of jurisdiction because the child was removed from Thailand before the Hague Convention entered into force between the United States and Thailand); *Aboud v. Mauas*, 216 F. App'x 133, 134–35 (2d Cir. 2007) (summary order) (affirming the district court's dismissal of petition for lack of jurisdiction because petitioner lacked custody rights at the time of the child's removal); *Chvanova v. Chvanova*, 2023 WL 6457787, at *5–6 (C.D. Cal. Oct. 3, 2023) (dismissing petition for lack of jurisdiction because child's place of habitual residence prior to removal was in a non-contracting state); *Matter of Mohsen*, 715, F. Supp. 1063, 1065 (D. Wyo. 1989) (dismissing petition because the child's place of habitual residence prior to removal was in a non-contracting state); *cf. De Silva v. Pitts*, 481 F.3d 1279, 1277–78 (10th Cir. 2007) (affirming district court's denial of petition to return child to Canada on the basis that it would not be in the child's best interest).

The Hague Convention applies "to any child [younger than sixteen years of age] who was habitually resident in a Contracting State immediately before any breach of custody or access rights." Convention Art. 3. In other words, the Convention does not contemplate the citizenship of the applicant, or the petitioner. Instead, the Convention applies "as between Contracting States only to wrongful removals or retentions occurring after its entry into force in

those States." Convention Art. 35. Accordingly, Long's threshold argument that Dashti lacks standing to pursue his petition must be rejected.

## 2. Failure to State a Claim

On the merits, Long argues that Dashti has failed to state a valid claim for wrongful removal under ICARA.[3] Resp.'s Mem. at 14–17.

As discussed above, to be entitled to relief under ICARA, the petitioner must prove his *prima facie* case of wrongful removal by a preponderance of the evidence. In particular, a petitioner must prove that: "(1) the child was habitually resident in one State and has been removed to or retained in a different State; (2) the removal or retention was in breach of the petitioner's custody rights under the law of the State of habitual residence; and (3) the petitioner was exercising those rights at the time of the removal or retention." *Tereshchenko*, 102 F.4th at 127 (quoting *Gitter*, 396 F.3d at 130–31).

Upon review, Dashti's verified petition for the return of ATD will be dismissed. Petitioner has not proven by a preponderance of the evidence that he had custody of ATD at the time of his removal. Petitioner asserts that under Article 1515 of the Greek Civil Code, he enjoyed custody of ATD as of

---

[3] It should be noted that Long argues petitioner has not *plausibly* alleged the requisite elements of his claim under the Hague Convention and ICARA. *Id.* However, as discussed *supra*, petitioner must do far more than make "plausible" allegations of fact. Under ICARA, petitioner carries the burden to establish "by a preponderance of the evidence that the child was wrongfully removed or retained" under ICARA. *Golan v. Saada*, 596 U.S. 666, 672 (2022) (quoting § 9003(e)(1)).

March of 2019. Pet. ¶ 43. But a review of the provision of the Greek Civil Code cited by petitioner reveals that he did not have "custody" of ATD.

First, it should be noted Dashti is not a Greek citizen. Pet. ¶ 2. He is an Iranian refugee residing in Greece. *Id.* Second, to the extent that Greek Civil Code is applicable given petitioner's immigration status, Article 1515 did not vest petitioner with custody of ATD at the time of the child's removal from Greece.

Article 1515 of the Greek Civil Code provides that parental care of children born outside of wedlock belongs to the <u>mother</u>. Ex. E to Resp. Mem., Dkt. No 12-7 at 6 (emphasis added). The Code provides that the father may "partake" in parental care but can exercise it only "if the mother's parental care has ceased or if the mother cannot exercise it on legal or factual grounds." *Id.*

Dashti's verified petition asserts that he and Long were not married when ATD was born. Pet. ¶¶ 14–15. The verified petition further asserts that they have never been married. *Id.* Petitioner does not assert that respondent ceased or became unable to exercise her parental care of ATD. Therefore, petitioner has not proven that he had "custody" of ATD under Greek law.

Nor has he proven that his custody rights were breached when respondent removed ATD from Greece to the United States.[4]

As if that were not enough to deny relief, the Court notes that Dashti is asking this Court to send ATD to Greece, where neither petitioner nor ATD are citizens. Pet. ¶¶ 2–3. ATD currently resides in the United States where he is a citizen, with his mother who is also a United States citizen. *Id.* ¶¶ 3, 37. It is unclear how justice would be served by ordering a minor child to be sent to a country where neither he nor his father are citizens. Especially where, as here, his father was not his custodial parent under Greek law. Nor is it clear how the purpose of ICARA, and by extension the Hague Convention, would be served by ordering the return of a minor child from his mother to a father who was in jail at the time of his alleged removal.

Therefore, it is

ORDERED that

1. Respondent's motion to dismiss petitioner's verified petition is GRANTED;

2. Petitioner's verified petition is DISMISSED; and

3. The Clerk of the Court is directed to enter a judgment accordingly and close the file.

---

[4] Further, Dashti was in Greek police custody when ATD was allegedly removed from Greece by Long. Pet. ¶¶ 31–32.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: October 30, 2024
       Utica, New York.